UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADDEUS KEITH BONNER,<br><br>          Petitioner,<br><br>    v.<br><br>P. COVELLO,<br><br>          Respondent. | No. 2:20-cv-2102-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner commenced this action on September 2, 2020, in the United States District Court for the Northern District of California. ECF No. 1. On October 20, 2020, that court determined that venue was proper in the Eastern District of California and transferred the petition to this court. ECF No. 9. The petition does not challenge the underlying conviction; it instead presents various claims concerning the conditions of petitioner's confinement. Accordingly, it must be dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

/////

---

[1] Petitioner also seeks leave to proceed in forma pauperis. ECF No. 8. That request is granted.

As noted, petitioner does not challenge his conviction. Rather, he alleges that, "crowding, confinement [at Mule Creek State Prison] takes away from Petitioner[,] an African American person[,] the ability to socially distance [and that the] COVID-19 virus is sufficiently serious to cause Petitioner a[ ] 66 year old . . . death, at a 70% chance if and now when exposed." ECF No. 1 at 5. Petitioner asserts an Eighth Amendment claim of cruel and unusual punishment "due to fear of COVID-19 death." *Id.* at 7. As relief, he seeks "immediate[ ] release." *Id.* at 15. He also requests appointment of counsel. ECF No. 6.

Federal courts offer two main avenues to relief on complaints related to one's imprisonment – a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. § 1983. Challenges to the validity of one's confinement or the duration of one's confinement are properly brought in a habeas action, whereas requests for relief turning on the circumstances of one's confinement are properly brought in a § 1983 action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); Advisory Committee Notes to Rule 1 of the Rules Governing § 2254 Cases. Because petitioner's claims challenge the conditions of his confinement as opposed to the legality or duration of his confinement, his claims are not cognizable in this federal habeas action and must be dismissed. His request for counsel must also be denied.

Accordingly, IT IS ORDERED that:

1. Petitioner's application for leave to proceed in forma pauperis (ECF No. 8) is GRANTED.
2. Petitioner's request for appointment of counsel (ECF No. 6) is DENIED.
3. The Clerk of Court shall to send petitioner a blank civil rights complaint form in order for petitioner to file a new civil rights action should he so choose.
4. The Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be denied without prejudice to filing his claims in a new action under 42 U.S.C. § 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  October 28, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE